UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QURTIS M. WILLIAMS,

        Plaintiff,

File No. 1:08-CV-375

v.

HON. ROBERT HOLMES BELL

KAREN LOWE, et al.,

        Defendants.
                                        /

**MEMORANDUM OPINION AND ORDER**
**ADOPTING THE REPORT AND RECOMMENDATION**

On May 1, 2008, United States Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R"), recommending that Plaintiff Qurtis M. Williams's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim. (Dkt. No. 4.) Plaintiff filed objections to the R&R on May 12, 2008. (Dkt. No. 5.) For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

This Court is required to make a *de novo* review of those portions of the R&R to which specific written objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff does not clearly specify the portions of the R&R to which he objects; nevertheless, the Court has reviewed Plaintiff's objections and is satisfied that the issues raised are adequately addressed in the R&R. The R&R recommended dismissal, in part, because Plaintiff did not plead an actual injury in support of his claim of denial of access to the courts. Contrary to Plaintiff's assertions, this is a pleading requirement. *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). For such claims, Plaintiff must plead and show that the underlying claims for which he seeks court access are non-frivolous. *McElhaney v. Elo*, No. 98-2173, 2000 WL 1477498, at *2 (6th Cir. Sept. 25, 2000) (unpublished). Plaintiff's complaint does not describe the underlying claims. *See Wilson v. Klein*, No. 03-1173, 2003 WL 22171511, at *1 (6th Cir. Sept. 18, 2003) (unpublished) (upholding dismissal of plaintiff's complaint, in part, because "[plaintiff] did not describe his legal . . . claims in his complaint and thus did not show that his claims were non-frivolous"). Plaintiff's description of these claims in his objections to the R&R cannot save Plaintiff's complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *accord Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (stating that "a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal"), *abrogated on other grounds by Jones*, 549 U.S. at 199; *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999).

Moreover, the complaint does not allege any prejudice as a result of Defendant Lowe's alleged denial of Plaintiff's filing fee for insufficient funds. *See Harbin-Bey*, 420 F.3d at 578 ("Examples of actual prejudice . . . include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."). The complaint merely states that Plaintiff's claims "could have been dismissed," thereby implying that the state court claims were not dismissed.

With respect to Plaintiff's retaliation claim, Plaintiff asserts in his objections that Defendant Lowe had "no legitimate reason" to deny the filing fee. However, the R&R correctly found that Plaintiff's complaint merely alleges the ultimate fact of retaliation without any specific facts supporting a claim of retaliation. Conclusory allegations of retaliation are insufficient.

Finally, with respect to Plaintiff's claims against Defendant Lowe's supervisors, Plaintiff correctly cites the law stated in *Leach v. Shelby County Sheriff,* 891 F.2d 1241 (6th Cir. 1989), that a plaintiff alleging supervisory liability under § 1983 must "[a]t a minimum . . . show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers . . . ." *Id.* at 1246. However, Plaintiff's complaint does not allege any facts implicating Defendant Lowe's supervisors under the standard in *Leach*. Plaintiff does not allege any facts suggesting that Defendant Lowe's supervisors "implicitly authorized, approved, or knowingly acquiesced" in Defendant Lowe's alleged misconduct. Knowledge of misconduct by a subordinate and failure to act

is not sufficient. *Leary v. Daeschner*, 228 F.3d 729, 740 (6th Cir. 2000); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996).

Having conducted a review of the record required by 28 U.S.C. § 636(b)(1), the Court finds that the R&R correctly states the law and correctly applies it to the facts of this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 5) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff Qurtis M. Williams's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: December 23, 2008              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE